UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| MICHAEL G. COVINGTON, # 134537, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-1299 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| CHARLES DAVIS, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983. This lawsuit arises out of the evacuation of prisoners from their housing units at the West Shoreline Correctional Facility (MTF) on the night of December 12, 2010, after a fire alarm had been triggered. Plaintiff alleges that he was exposed to cold temperatures for about "30 to 35" minutes and suffered a heart attack. Plaintiff alleges that Sergeant Charles Davis and Corrections Officer Nicole Fisher violated his Eighth Amendment rights because they allowed him to be exposed to the cold temperatures during the evacuation and were deliberately indifferent to his serious medical needs. Plaintiff seeks damages and declaratory relief.

    The matter is now before the court on a Rule 12(b)(6) motion to dismiss by defendant Sergeant Davis (docket # 13) and a motion for summary judgment by Officer Fisher. (docket # 21). Plaintiff has filed his response. (docket #s 15, 15-1, 33, 34). For the reasons set forth herein, I recommend that all plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I further

recommend that defendant Davis's Rule 12(b)(6) motion be granted and that plaintiff's claims against him be dismissed. I further recommend that defendant Fisher's motion for summary judgment be granted and that judgment be entered in her favor on all plaintiff's claims against her.

## I. Eleventh Amendment Immunity

Plaintiff's complaint did not allege the capacity in which the defendants are being sued for damages. In response to defendants' motions, plaintiff has clarified that he is only seeking damages against defendants in their individual capacities. (Plf. Brief at 5-6, docket # 15-1; Plf. Brief at 4, docket # 34). Thus, plaintiff has abandoned any claim for damages against defendants in their official capacities, and in any event, such claims are barred by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Vibo Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012).

## II. Defendant Davis

### A. Rule 12(b)(6) Standard

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if []he

pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

    B.    <u>Claim Against Sergeant Davis</u>

Plaintiff's allegations against defendant Davis are found in paragraphs 8 and 28(a) of his complaint:

> 8. Defendant Davis[,] acting S[e]rgeant at all times relevant[,] was employed at the Westshoreline Correctional Facility.
>
> 28(a). Sgt. Davis [was] aware of the freezing temperatures on the evening of Dec. 12, 2010 that was well below subfreezing, it was extreme because of the length of time (30 to 35) minutes that I was subjected to the frigid conditions without the minimal protection of temporary shelter to prevent a[] cold weather injury.

(Compl. ¶¶ 8, 28(a)).

On the basis of these allegations, plaintiff alleges that Sergeant Davis violated his "Eighth Amendment right to prompt medical care and failed to protect plaintiff from a known risk of cold weather injury and he suffered a heart attack." (Compl. ¶ 29(a)). Plaintiff alleges no facts supporting a claim that defendant Davis deprived him of prompt medical care. He alleges no facts indicating that Sergeant Davis had knowledge that plaintiff was unusually susceptible to cardiac injury from exposure to cold temperatures. There are no factual allegations that any other prisoner suffered injury as a result of exposure to cold temperatures on the night in question. Plaintiff does not even allege that Davis was responsible for sending plaintiff into the cold without adequate clothing.

The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). It also requires that prisoners be provided with the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The function of a federal court in a conditions-of-confinement case is not how best to operate a prison facility, nor to decide what is most desirable to the inmates. *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985). "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Eighth Amendment claims based upon the conditions of a prisoner's confinement must meet both an objective and subjective standard. *See Wilson v. Seiter*, 501 U.S. 294 (1991). Objectively, the condition of confinement complained of must amount to an "extreme deprivation." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). "Extreme deprivations" are required to satisfy the objective component in a conditions-of-confinement case. *Hudson v. McMillian*, 503 U.S. at 8-9; *Hadix*, 367 F.3d at 525. The objective component requires the court "to assess whether society considers the risk complained of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). In assessing whether an alleged Eighth Amendment violation on the basis of exposure to cold temperatures satisfies the objective component, courts look to the duration of exposure and totality of conditions contributing to the alleged deprivation. *See Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006);

*Palmer v. Johnson*, 193 F.3d 346, 353 (5th Cir. 1999). The relatively brief period plaintiff waited outdoors during an emergency evacuation falls well short of satisfying the objective component.

Subjectively, plaintiff must allege facts showing that Sergeant Davis acted with "deliberate indifference" to a substantial risk that plaintiff would suffer a cold weather injury. *See Farmer v. Brennan*, 511 U.S. at 834. Prisoners trigger fire alarms for numerous illicit reasons in addition to actual fire emergencies, including the furtherance of escape attempts, riots, contraband exchange, and assaults. *See e.g.*, *United States v. Snarr*, 704 F.3d 368, 390-91 (5th Cir. 2013) (setting off the fire alarm was part of the orchestrated chaos two prisoners used to distract guards and facilitate their murder of another inmate); *United States v. Gonzalez-Alvidres*, 281 F. App'x 351, 354 (5th Cir. 2008) (fire set in furtherance of conspiracy to start a prison riot). A fire emergency at night in December in Northern Michigan poses huge logistical problems for prison officials in the evacuation of all prisoners from their housing units, monitoring prisoners while they are outside, investigation of the cause of the alarm, and the eventual return of prisoners to their housing units and, confirmation that all prisoners are present. "30 to 35 minutes" is a very brief period. (Compl. ¶ 28(a)). Plaintiff does not allege that defendant Davis was responsible for the decision allowing prisoners from "Getty Unit" to return to their housing unit before prisoners from "Henry Unit." (Compl. ¶¶ 15-18). Further, if plaintiff had made such an allegation, it would not be sufficient to support an Eighth Amendment claim. Logically, one housing unit would be repopulated with prisoners before another because prisoner movement is regulated, and wherever possible, kept to manageable numbers. Although plaintiff has labeled the time difference as "punishment" (*Id.* at ¶ 18), he has not alleged facts sufficient to support that conclusion. The facts alleged do not permit the court to infer "more than the mere possibility of misconduct" by defendant Davis. *See Iqbal*, 556

U.S. at 678-79; *Albrecht*, 617 F.3d at 893. Plaintiff's complaint fails to allege facts sufficient to support the objective or subjective components of an Eight Amendment claim against Sergeant Davis.

### III. Defendant Fisher

#### A. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Gecewicz v. Henry Ford Hosp. Corp.*, 683 F.3d 316, 321 (6th Cir. 2012). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The court must draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wasek v. Arrow Energy Services, Inc.*, 682 F.3d 463, 467 (6th Cir. 2012).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). FED. R. CIV. P. 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations

of his pleadings. FED. R. CIV. P. 56(e)(2), (3); *see Coleman v. Bowerman*, 474 F. App'x 435, 436 (6th Cir. 2012). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Donald v. Sybra, Inc.*, 667 F.3d 757, 760-61 (6th Cir. 2012).

      B.     Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff is serving prison sentences in the custody of the Michigan Department of Corrections (MDOC). On December 12, 2010, he was an inmate at the West Shoreline Correctional Facility (MTF).[1] (Compl. ¶¶ 5, 15). "Sometime between the hours of 6 PM and 7 PM" plaintiff was ordered to evacuate the housing unit because the fire alarm was activated. (*Id.*). The "Getty Unit" prisoners were evacuated into the prison yard for about "5 to 10 minutes" before being allowed to return to their housing unit. (Compl. ¶ 17).

The alarm had apparently been triggered in "Henry Unit." Prisoners from that unit remained outdoors for a longer period. (Compl. ¶ 18). Nicole Fisher was employed by the MDOC

---

[1] Plaintiff's complaint is verified under penalty of perjury. It is considered as an affidavit in opposition to defendant's motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). However, "verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., Inc.*, 357 F. App'x 656, 662 (6th Cir. 2009); *Doe v. Magoffin County Fiscal Ct.*, 174 F. App'x 962, 966 (6th Cir. 2006); *see also Stine v. State Farm Fire & Cas. Co.*, 428 F. App'x 549, 550 (6th Cir. 2011) (A "conclusory affidavit bypasses the specific-facts requirement of Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment.").

as a corrections officer at MTF. (Fisher Aff. ¶ 1, docket # 22-6). Her first contact with plaintiff on the night in question occurred when plaintiff told her that he needed to go back inside because it was too cold outside for him and he was "going to have a heart attack." Plaintiff did not advise Fisher that he was having chest pains or that he was experiencing shortness of breath. Fisher did not believe that plaintiff was in any serious distress. Fisher advised plaintiff that the housing unit had not been cleared for plaintiff and the other inmates to return. (Fisher Aff. ¶¶ 4-6; Compl. ¶¶ 19, 20).

The second time plaintiff approached Officer Fisher, he did state that he was experiencing chest pains. Fisher states that she told plaintiff to go up to the health care unit. Fisher called another officer on the radio to come and escort plaintiff to health care. Fisher and her partner agreed that Fisher should follow plaintiff until the escorting officer arrived. As plaintiff reached the edge of the basketball court and stepped on the health care unit's walkway, he appeared to slip and fall. At that time, there were two other officers on the walkway approaching plaintiff. Those officers reached plaintiff before Fisher. After Fisher determined that the other officers had the situation under control, Fisher went back to her post overseeing the Henry Unit's evacuation so as not to leave her partner alone. (Fisher Aff. ¶¶ 6, 7).

According to plaintiff, Fisher never ordered him to go to health care. He states that Fisher "ordered him to move away from the building and that 'I could blame who ever pulled the fire alarm' for having to remain on the yard in the cold." (Plf. Decl. ¶ 9, docket # 33, ID# 257). Plaintiff states that he is not clear in his mind what happened from this point because he passed out. (Compl. ¶¶ 21-23).

Plaintiff had no prior history of cardiac or respiratory issues, other than allergies. He was examined in the prison's health care unit, and doctors ordered that he be transported to the

hospital for treatment. (docket # 24, ID# 163-64). Plaintiff was transported to the hospital, where he underwent angioplasty and placement of a stent. (docket # 24, ID# 211, 225-28; Compl. ¶¶ 23-27). Plaintiff returned to prison on December 14, 2010. There is no medical evidence establishing that plaintiff's heart attack was caused by exposure to cold temperatures. (docket # 24). Before surgical correction, plaintiff had "[t]wo vessel coronary artery disease with 95% mid right coronary artery stenosis." (docket # 15-2, ID# 72; docket # 24, ID# 225).

    C.    <u>Discussion</u>

The Eighth Amendment standards discussed in Section II(C) apply to plaintiff's conditions-of-confinement claim against Officer Fisher. Plaintiff has not presented evidence on which a reasonable trier of fact could find in his favor on the objective or subjective components of an Eighth Amendment conditions-of-confinement claim against defendant Fisher. Plaintiff's exposure to cold weather was relatively brief. There is no evidence that plaintiff or any other prisoner experienced an injury caused by exposure to cold air during the evacuation.

Plaintiff's primary claim against Officer Fisher is a claim that she was deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. (Compl. ¶¶ 28(b), 29(b)). In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the

injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. The second prong under *Wilson* requires a showing of "deliberate indifference" to plaintiff's serious medical need. The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted).

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim. Plaintiff had no history of heart problems, and no evidence

indicates that defendant Fisher was subjectively aware that plaintiff's exposure to cold presented an unreasonable risk to him. When plaintiff advised defendant that he was experiencing chest pains, she immediately called for assistance. Plaintiff collapsed on the way to the prison's health care unit. He was examined by the prison's medical personnel, and shortly thereafter, was transported outside the prison to a hospital where he received emergency cardiac care. On the present record, no reasonable trier of fact could find that Officer Fisher was deliberately indifferent to a serious medical need. I find that defendant Fisher is entitled to judgment in her favor as a matter of law on plaintiff's Eighth Amendment claims.

### Recommended Disposition

For the foregoing reasons, I recommend that all plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I further recommend that defendant Davis's Rule 12(b)(6) motion (docket # 13) be granted, and that all plaintiff's claims against him be dismissed. I further recommend that defendant Fisher's motion for summary judgment (docket # 21) be granted, and that judgment be entered in her favor on all plaintiff's claims.

Dated: March 15, 2013         /s/ Joseph G. Scoville
                              United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas*

*v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).